# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DAMONE E. FLOWERS, | ) | Cr. ID. No. 9808000280A |
| | ) | |
| Defendant. | ) | |

Submitted: December 12, 2017
Decided: March 6, 2018

Upon Commissioner's Report and Recommendation that Defendant's Motion for
Postconviction Relief (Fourth) Should Be Summarily Dismissed
and the Motion for Appointment of Counsel Should Be Denied

**ADOPTED**

**<u>ORDER</u>**

This 6th day of March, 2018, the Court has considered the Commissioner's Report and Recommendation, Defendant's Motion for Postconviction Relief, Motion for Appointment of Counsel, Motion for Evidentiary Hearing, Motion to Expand the Record, Defendant's objections to the Commissioner's Report and Recommendations, and the relevant proceedings below.

On October 24, 2017, Defendant Damone E. Flowers filed this *pro se* motion for postconviction relief. The motion was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal

1

Rule 62 for proposed findings of fact and conclusions of law. The Commissioner issued the Report and Recommendation on November 30, 2017. The Commissioner recommended that Defendant's Motion for Postconviction Relief be summarily dismissed.

"Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[1] Defendant Flowers filed written objections on December 15, 2017, more than ten days after the Commissioner's November 30 report. In addition to this procedural deficiency, upon review, the Court finds that the Defendant fails to meet the pleading standard of Rule 61(d)(2).

This is Flowers' fourth motion for postconviction relief. "In second or subsequent postconviction motions, the motion shall be summarily dismissed unless the defendant establishes: 1) that new evidence exists that creates a strong inference that he is actually innocent of the charge for which he was convicted, or 2) the existence of a new rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid."[2] "If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the Court may enter an order for its summary dismissal and cause the movant to be notified."[3]

---

[1] Super. Ct. Crim. R. 62(a)(5)(ii).
[2] Super. Ct. Crim. R. 61(d)(2) & (5); Rule 61(i).
[3] Super. Ct. Crim. R. 61(d)(5).

Flowers relies on an outdated version of Superior Court Criminal Rule 61(i)(5) in support of his argument.[4] As the Commissioner stated in her report, the current, amended version of the statute makes plain that a subsequent postconviction motion must be based on *new* evidence of actual innocence or a *new* rule of constitutional law[5]—whether there is a colorable constitutional claim that undermined the fairness of the proceedings is no longer the appropriate framework for analysis.

Therefore, because Flower's claims rest on the longstanding constitutional law of *Brady*,[6] his claim is procedurally barred unless "new evidence exists that creates a strong inference that he is actually innocent of the charge for which he was convicted."[7] Delaware Superior Courts have turned to the federal standard to determine when there is a valid claim of new evidence of actual innocence.[8] Evidence is considered "new" under this standard when it "was not available at the time of trial and could not have been discovered earlier through the exercise of due diligence . . . ."[9] To establish actual innocence, the petitioner's new evidence must

---

[4] *See* Order Amending Super. Ct. Crim. R. 61 ("This amendment shall be effective on June 4, 2014 and shall apply to postconviction motions filed on or after that date."). Flowers filed this postconviction motion on October 24, 2017.

[5] Super. Ct. Crim. R. 61

[6] *Brady v. Maryland*, 373 U.S. 83 (1963).

[7] Super. Ct. Crim. R. 61

[8] *State v. Sykes*, 2017 WL 6205776, at *5 (Del. Super. 2017) ("[T]he federal standard is helpful under these circumstances, as the Court has found little guidance for interpreting the precise meaning of new evidence in relation to a claim of actual innocence pursuant to Rule 61(d)(2)(ii).").

[9] *Id.* (quoting *Phlipot v. Johnson*, 2015 WL 1906127, at *4 (D. Del. 2015)).

show that it is "more likely than not that no reasonable juror would have convicted him."[10] In making this determination, a court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted . . . at trial."[11] A court "may consider how the timing of the submission of [actual innocence] and the likely credibility of the affiant . . . bear on the probable reliability of that evidence."[12]

In his appeal of the Commissioner's report, Flowers points to four groups of evidence allegedly suppressed by the prosecution: recordings of interviews with Bruce Duncan and Lamar Swanson (the Duncan and Swanson tapes); statements of Michael Bartley (the Bartley statement); a supplemental police report relating to the testimony of Chermaine Mayo (the Mayo report); and evidence of a deal the State allegedly made with Swanson in exchange for Swanson's cooperation (the Swanson deal).

Though all of this evidence was discovered after trial, the Court finds that the Duncan and Swanson tapes, the Bartley statement, and the Mayo report do not constitute "new" evidence within the meaning of the rule. The Defendant admits that all of the evidence except the Swanson deal was uncovered as a result of 2010 and 2013 motions to compel filed years before the resolution of his last motion for

---

[10] *Id.*
[11] *Id.*
[12] *Id.*

4

post-conviction relief.[13]  At that time, Flowers, represented by counsel, chose to proceed under the theory of ineffective assistance of counsel, even after uncovering the evidence of the alleged suppression on which he relies in the present motion. Flowers "cannot avoid the procedural bars by simply re-categorizing the same arguments that have been adjudicated and denied."[14]  Reframing the failure to introduce the same testimony as the result of prosecutorial misconduct rather than ineffective counsel does not create new evidence of actual innocence.

The remaining piece of evidence, the Swanson deal, is also not sufficient to establish new evidence of actual innocence.  Flowers contends that Swanson was awarded a release from custody after he cooperated with the State, but "to cover its tracks" the State rearrested Swanson only after Flowers' first Motion for Postconviction Relief put the State "on notice" that Flowers had become aware of the State's "surreptitious dealing."  The Court finds that such conjecture has very little "probable reliability" and does not make it "more likely than not that no reasonable juror would have convicted" Flowers.[15]

---

[13] Flowers argues that the evidence should not be barred because it was discovered after the previous Motion for Postconviction Relief was filed. The final disposition of the Motion, not the date of the proceeding, however, is the proper date to consider. Flowers had this information as late as 2013. The Commissioner's Report for Flowers' most recent Rule 61 Motion was not issued until April 23, 2015 and the Supreme Court ruled on it on October 21, 2016 providing plenty of time to raise the argument he now attempts to make.

[14] *State v. Wood*, 2017 WL 2799170, at *4 (Del. Super.).

[15] *Sykes*, 2017 WL 6205776, at *5.

5

Because, as discussed above, Flowers has not met the pleading requirements of Rule 61(d)(2)(i) or (ii), the Commissioner was correct to deny the Motion for Appointment of Counsel. For the same reason, Flowers' Motion to Expand the Record and Motion for Evidentiary Hearing are also denied.

The Court holds that the Commissioner's Report and Recommendations dated November 30, 2017 should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[16]

**THEREFORE,** after careful and *de novo* review of the record in this action, the Court hereby adopts the Commissioner's Report and Recommendation in its entirety. Defendant's Motion for Postconviction Relief is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[16] Super. Ct. Crim. R. 62(a)(4)(iv).